[Civ. No. 6173. First Appellate District, Division One.—March 28, 1928.]

CHARLES MARTIN, Appellant, v. F. W. STANDLEY et al., Defendants; DAVID P. EVANS, Respondent.

L. C. Woods and Leslie H. Kranz for Appellant.

Moote & Patterson for Respondent.

CASHIN, J.—An appeal from those portions of a judgment wherein the plaintiff is denied a lien upon certain property owned by defendant David P. Evans, and the latter is given judgment for his costs.

Some time prior to November 2, 1921, F. W. Standley, one of the defendants, purchased a treasurer's certificate which purported to give him title to the premises. He thereafter entered into an agreement to sell the property to defendant Clarabelle Ulery, who commenced the erection thereon of a dwelling-house. On November 2, 1921, defendant Evans commenced an action against defendants Standley and Ulery to quiet title to the property. A *lis·pendens* was filed and a decree quieting his title was entered on March 7, 1924. Some time after the commencement of the action to quiet title defendant Ulery abandoned work upon the house, certain portions of which, viz., the foundation, the sides and studding and the roof, being three-fourths complete. The latter for a consideration of $300 then conveyed her interest in the land to Standley, who agreed to sell the partially completed house as it stood, treating it as labor and materials in place. Subsequently a bill of sale of the building was executed by defendant Ulery to the plaintiff, for which the former was paid the sum of $1,200. Following this transaction the plaintiff on August 7, 1923, entered into a written agreement with defendant Standley to erect a dwelling-house upon the property, the contract price being $4,750.

According to the claim of lien which was filed by the plaintiff on November 16, 1923, the structure was completed on November 10, 1923, and, with the exception of the sum of $56.33, no part of the contract price had been paid.

It was alleged, and found by the court, that defendant Evans had no knowledge of the erection of the building upon the property until December 6, 1923, and that within ten days thereafter, to wit, on December 14, 1923, he posted and filed a notice of nonliability as provided by statute. The court further found that plaintiff had knowledge of the pendency of the action to quiet title at the time of the execution of his agreement with defendant Standley; and, further, that the consideration for the execution of the bill of sale of the unfinished dwelling by defendant Ulery to the plaintiff was paid by Standley. It was further found that the reasonable value of the labor and material furnished and installed by the plaintiff was the sum of $2,039; that the claim of lien filed did not set forth a true statement of the material and labor furnished by the plaintiff, and that the error in the statement of plaintiff's demand as set forth in the claim of lien was made with intent to defraud.

The plaintiff contends that the finding that defendant Evans had no knowledge of the erection of the building before the date mentioned in the notice of nonliability, and the further findings that the claim of lien contained statements which were false and that these statements were made with intent to defraud, are unsupported.

The testimony of Evans, who resided in Portland, Oregon, sufficiently supports the finding of a want of actual knowledge; and, while it appears that he had communicated with a relative residing in Los Angeles, in which city the property is situated, to ascertain the steps necessary to quiet title, and also employed an attorney for that purpose, the evidence sufficiently shows that neither had knowledge of the erection of the structure, or of facts putting them upon inquiry, prior to December, 1923. It was claimed by the plaintiff that the consideration for the transfer of the unfinished structure by defendant Ulery was paid by him; but it sufficiently appears from the evidence that this amount was furnished by Standley for that purpose, and that the statement in the claim of lien that the labor and material which this sum represented was furnished by the claimant was knowingly false. The testimony of the plaintiff respecting this transaction was evasive; and this, with the facts shown, supported the inference of a collusive arrange-

ment between him and Standley to endeavor to subject the property of Evans, a nonresident, to a lien not only for the benefit of Standley, but for a sum largely in excess of the reasonable value of the work and material furnished, and fully sustains the finding of fraud.

As urged by the plaintiff, the issue of fraud was not tendered by the answer. The allegations of the complaint as to the materials and labor furnished were denied; and the facts from which the court concluded that the statements in the claim were made with intent to defraud appeared from the examination of the plaintiff and from evidence introduced without objection.

The findings were fully sustained by the evidence, and the portions of the judgment appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.